UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CRUMP,

    Movant,

v.

    Case No. 1:12-CV-768
    (Criminal Case No. 1:09-CR-73)

UNITED STATES OF AMERICA,

    HON. GORDON J. QUIST

    Respondent.
_____/

## OPINION

Movant, Dennis Crump, filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody on July 25, 2012.  (Dkt. #1.)  The government responded to Crump's § 2255 Motion on September 26, 2012, with a Motion to Dismiss Crump's motion as barred by the one-year statute of limitations.  Crump has failed to respond to the government's Motion to Dismiss.

For the following reasons, the Court will grant the government's motion and dismiss Crump's § 2255 Motion as untimely.

### BACKGROUND

On April 4, 2009, Crump was charged in a three-count superseding indictment.  Count 1 charged Crump with being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), 924(a)(2), and 924(e).  Count 2 charged Crump with one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Count 3 charged Crump with possessing firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Case No. 1:09-CR-73, dkt. #14.)  Crump pled not guilty and proceeded to trial, which began on August 25, 2009.  On the second day of trial, Crump pled guilty to all three counts of the superseding indictment.

On January 14, 2010, this Court sentenced Crump to 220 months on Count 1, 220 months on Count 2, to run concurrently with Count 1, and 60 months on Count 3, to run consecutively with Counts 1 and 2. (*Id.*, dkt. # 38.) Crump did not file a notice of appeal within the time provided in Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

On June 22, 2011, more than eighteen months after the judgment was entered, Crump filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. (*Id.*, dkt. # 40.) Crump also included a letter in which he claimed that on January 14, 2010, he filed a "notice of appeal for a re-sentencing hearing from the Western District of Michigan." (*Id.*, dkt. # 40-1.) Crump further claimed that he had written more than five letters to his counsel and had called his counsel numerous times regarding his appeal, but his counsel never responded. (*Id.*) Crump asked the Court to look into the matter and send him the paperwork that he would need to get his case back on the docket for his appeal seeking re-sentencing.

On September 28, 2011, the Sixth Circuit entered an order dismissing Crump's appeal as untimely. (*Id.*, dkt. #42.) In its order, the Sixth Circuit noted that it had issued an order on July 19, 2011, directing Crump to show cause why the appeal should not be dismissed as late. The Sixth Circuit further noted that Crump failed to respond to the order to show cause. On November 15, 2011, Crump sent this Court a letter requesting information on the status of his appeal. (*Id.*, dkt. # 43.) In response, the Clerk sent Crump an updated docket sheet. Crump filed the instant § 2255 Motion more than eight months later, on July 25, 2012.

### DISCUSSION

Crump's § 2255 Motion is subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). For purposes of the instant Motion, it appears that § 2255(f)(1) governs the commencement of the limitations period in this case, which is one year from "the date on which the judgment of conviction becomes final." The Court entered judgment on January 14, 2010. (*Id.*, dkt.

2

# 38.) Pursuant to Federal Rule of Criminal Procedure 4(b)(1)(A)(i), Crump had fourteen days after the entry of the judgment, or until January 28, 2010, to file a notice of appeal. Because Crump failed to file a notice of appeal, the judgment became final on January 28, 2010. *See Johnson v. United States*, 457 F. App'x 462, 464–65 (6th Cir. 2012) (stating that "we have held that when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed" (internal quotation marks omitted)). Crump thus had until January 28, 2011 to file his § 2255 Motion. Crump filed his § 2255 Motion well beyond the expiration of the one-year limitations period.

The Sixth Circuit has held that the doctrine of equitable tolling is applicable to § 2255 motions. *See Dunlap v. United States*, 250 F.3d 1001, 1004–05 (6th Cir. 2001) (holding that § 2255(f) is not jurisdictional in nature and that equitable tolling is available). Pursuant to the doctrine of equitable tolling, a court may excuse late-filed habeas claims in appropriate circumstances. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007) (citing *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005)). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.2d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)) (citations omitted). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).

In determining whether to apply equitable tolling, a court should consider the following factors: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Solomon v. United States*, 467 F.3d 928, 923 (6th Cir. 2006) (citing *Dunlap*, 250 F.3d at 1008, adopting factors set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)). These factors are not necessarily comprehensive, nor is each factor relevant in every case. *Id.*

In his brief in support of his § 2255 Motion, Crump claims that his trial counsel told him on January 14, 2010 that he filed a notice of appeal on Crump's behalf. (Case No. 1:12-CV-768, dkt. # 2 at 5.) Crump further claims that he wrote to his counsel on more than five occasions (including February 7, April 11, May 9, and August 8, 2010), and called his counsel numerous times, but counsel failed to respond to Crump's letters or return his phone calls.

Applying the *Andrews* factors, the Court concludes that Crump has failed to demonstrate a valid basis for equitable tolling. Crump alleges that he requested his counsel to file a notice of appeal on January 14, 2010—the date of his sentencing—which shows that Crump was aware of the filing requirement for a notice of appeal. Thus, the first, second, and fifth factors weigh against equitable tolling. As for the fourth factor—prejudice to the government—the Court discerns no specific prejudice to the government if the Court were to toll the limitations period, but lack of prejudice is not, alone, sufficient to warrant equitable tolling. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726 (1984) ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures.").

4

The third factor, Crump's diligence in pursuing his rights, is, in the Court's judgment, determinative of whether equitable tolling applies. Crump's reliance on his counsel's alleged failure to file a notice of appeal as the basis for equitable tolling is foreclosed by his own lack of diligence. The Sixth Circuit has held that counsel's failure to file an appeal will not justify equitable tolling where the defendant "failed in his duty to monitor the status of his appeal." *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001). In *Moore v. United States*, 438 F. App'x 445 (6th Cir. 2011) (per curiam), the defendant argued that he was entitled to equitable tolling because he did not realize until November 6, 2007, that his attorney failed to file a notice of appeal by the August 23, 2007 appeal deadline. Nonetheless, the defendant did not file his § 2255 motion until November 6, 2008. The court concluded that even if the defendant demonstrated that he exercised due diligence during part of the limitations period, the defendant failed to show diligence during the first ten weeks after the appeal period expired. *Id.* at 450. The court also noted that the defendant provided no evidence showing when he discovered that his attorney had not filed an appeal. *Id.* at 448. In *Anjulo-Lopez v. United States*, 541 F.3d 814 (8th Cir. 2008), the Eighth Circuit held that the defendant was not entitled to equitable tolling based on his counsel's failure to file an appeal, even though the defendant alleged that: (1) he was not able to communicate with anyone during the five months following his sentencing due to repeated transfers; (2) he believed that an appeal was filed and he simply needed to wait; (3) after awhile he began to suspect that no appeal had been filed and he sent certified letters to his counsel requesting copies of the record; (4) his counsel sent him copies of the judgment and commitment order; and (5) by the time the defendant attempted to contact his attorney, the filing date for his § 2255 motion had passed. *Id.* at 818. The court noted that the defendant's allegations failed to demonstrate diligence because he waited a year to even contact his attorney. *Id.* at 818-19. The court further observed:

> Moreover, there is every reason to believe that more prompt action on Anjulo-Lopez's part would have revealed counsel's failure to notice an appeal more

5

> than one year before he filed his motion. That an appeal had not been filed was a matter of public record. And we think it clear from the face of the motion and record here that a duly diligent person in Anjulo-Lopez's circumstances could have unearthed that information anytime after the deadline for filing the appeal passed.

*Id.* at 819. *See also Leite v. United States*, Nos. 1:10cv87, 1:07cr36, 2010 WL 3122636, at *4 (W.D.N.C. Aug. 9, 2010) (holding that equitable tolling was not appropriate because "[h]ad the Petitioner exercised due diligence, he would have discovered that his attorney did not file an appeal long before the expiration of the one year deadline"); *Thomas v. Johnson*, No. 3:09cv7, 2009 WL 3055323, at *5 (E.D. Va. Sept. 23, 2009) ("With due diligence, a reasonable petitioner could have timely discovered no appeal had been filed prior to August 31, 2007.").

In the instant case, Crump failed to exercise due diligence in discovering that his counsel had not filed an appeal. Although Crump alleges that he wrote to his counsel on four or five occasions and called his counsel numerous times, without ever receiving a response, Crump made no attempt to contact this Court or the Sixth Circuit regarding the status of his appeal until more than eighteen months after the judgment was entered. Crump's failure to investigate his appeal during this time is inexcusable. Crump's failure to respond to the Sixth Circuit's July 19, 2011 order directing Crump to show cause, as well as Crump's delay of almost ten months after the Sixth Circuit dismissed his appeal before filing his instant § 2255 Motion, further demonstrate a lack of diligence. Although Crump claims that his filing was delayed because he did not have access to a jailhouse lawyer to assist him in preparing his § 2255 Motion until June 2012, such is not an "extraordinary circumstance" warranting equitable tolling. *See Nogueras v. Biter*, No. 1:11-cv-1006-JLT HC, 2012 WL 371941, at *7 (E.D. Cal. Feb. 3, 2012) (observing that lack of access to a jailhouse lawyer and limited access to the prison law library did not warrant equitable tolling); *Hamilton v. Scutt*, No. 09-12790-BC, 2010 WL 2231904, at *4 (E.D. Mich. June 3, 2010) (stating that the unavailability of a fellow inmate to help the petitioner prepare his state-post conviction motion was not a circumstance

beyond the petitioner's control). Moreover, the lack of a legal writer between September 2011 and June 2012 does not explain Crump's lack of diligence prior to that time.

Having concluded that Crump is not entitled to equitable tolling, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if Defendant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that Crump is not entitled to equitable tolling debatable or wrong. Therefore, the Court will deny Crump a certificate of appealability.

### CONCLUSION

For the foregoing reasons, the Court will grant the government's motion to dismiss and deny Crump a certificate of appealability.

A separate order will enter.

Dated: August 5, 2013                      /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE